```
                                              FILED
        UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF TEXAS           SEP 1 6 1997
           SAN ANTONIO DIVISION
                                        CLERK, U.S. DISTRICT COURT
                                        WESTERN DISTRICT OF TEXAS
CRECENSIO ACUNA, et al.,    *           BY _____
                            *                      DEPUTY CLERK
         Plaintiffs,        *
                            *
     v.                     *      CIVIL NO. SA-96-CA-543
                            *
BROWN & ROOT, et al.,       *
                            *
         Defendants.        *
```

## O R D E R

Before the Court is *Defendants' Motion To Dismiss Or, Alternatively, To Enforce Scheduling Order*. Docket no. 59. Defendants seek dismissal or compliance with the scheduling order entered by the Court. Plaintiffs contend that they have complied with the scheduling order. Upon consideration of the motion, response and supporting affidavits, the Court will grant the motion to enforce the scheduling order.

### Discussion

The Court entered a scheduling order (docket no. 54) that required plaintiffs to establish a prima facie case of causation of the alleged injuries before discovery would be permitted. The unique and complex nature of a toxic tort case such as this, with over 1000 plaintiffs, serves as the reason for such a requirement. The scheduling order requires plaintiffs to provide affidavits to establish causation for each plaintiff's personal injuries and property damages.

In regard to each plaintiff's claim for personal injuries,

plaintiffs were required to produce affidavits from qualified experts that:

> 1) List all injuries, illnesses or conditions suffered by the plaintiff that, in the opinion of the expert, were caused by an alleged exposure to materials or substances from a facility or operation;
>
> 2) Specify the material(s) or substance(s), that, in the opinion of the expert, caused each injury, illness or condition listed and identify the particular facility or operation alleged to be the source of the material(s) or substance(s);
>
> 3) Describe, with specific dates, times, circumstances and incidents and exposure (i.e., ingestion, inhalation, dermal contact, etc.), how the plaintiff was exposed to the material(s) or substance(s) in question, how often, and in what dosages; and
>
> 4) State the scientific and medical bases for the expert's opinions.

In an attempt to comply with the scheduling order, plaintiffs have tendered to defendants 1058 affidavits from the same doctor. The affidavits fall into one of four basic forms where only the name of the plaintiff was changed, except for some limited differences between the affidavits in the second and third forms. The first form is used for 16 deceased plaintiffs. The second form is used for 154 plaintiffs that were subject to exposure to toxins during the course of their employment. The third form is used for 218 plaintiffs that have been subject to toxins in the environment. The fourth form is used for 670 plaintiffs that claim exposure to toxins as minors.

Upon review of the affidavits, the Court finds that they do not satisfy the requirements of the scheduling order because they are conclusory and speculative. Plaintiffs shall be given another

2

opportunity to comply with the Court's scheduling order. In order to provide plaintiffs guidance, the Court makes the following findings regarding plaintiff's affidavits.

Although plaintiffs identified 235 medical experts and 97 potential liability experts, the affidavits submitted by plaintiffs were authored by one medical doctor, C. F. Smith, M.D. Dr. Smith attempts to identify the materials used or allegedly released from uranium mining and milling operations. Dr. Smith also attempted to describe the alleged pathways of the plaintiffs' purported exposures. Although it is permissible to have one expert to provide testimony for each of the four requirements, it is not necessary that plaintiffs be so limited. Also, the Court notes that an expert can only provide an expert opinion regarding subjects within his area of expertise. The scheduling order requires that, as to each plaintiff, each of the four requirements must be established by an affidavit from an expert. It does not require that only one affidavit can be submitted to satisfy all four requirements. This may have caused plaintiffs some confusion, and may have resulted in the submission of the deficient affidavits.

For each form of affidavit, Dr. Smith states that the plaintiff's exposure to toxic substances was sufficient to cause a variety of conditions, and caused *some or all* of a list of injuries. *Motion*, Exh. 6, paragraphs 4 & 5. Such affidavits do not comply with the requirement to "list injuries, illnesses or conditions suffered." Plaintiffs must provide the specific injuries,

3

illnesses or conditions suffered by each plaintiff.[1]  Together with that information, plaintiffs must also provide the scientific and medical bases for each opinion.  To state that a battery of tests were performed is insufficient.  Plaintiffs must name the tests and indicate the results of the tests.

In regard to the purported pathways of exposure to toxins, plaintiffs attempt to describe exposure in general terms, examples of which are found on page 4 of defendants' motion.  Noticeably lacking is a specific description of the source of such toxins encountered by each plaintiff and the specific dates and circumstances of such exposure.  Plaintiffs attempt identify the sources of toxins by simply listing every facility operated by each of the defendants.  Such an exhaustive listing for each plaintiff appears meaningless in light of (1) the absence of employment information provided for those persons that allegedly were exposed to toxins during the course of their employment, and (2) the absence of the residence information for those persons that allegedly were exposed to toxins in their surrounding environment.  Plaintiffs should specify the time period of exposure, and they

---

[1]Dr. Smith's affidavits state that numerous plaintiffs have an impaired condition described as "dysfunctional cellular immune response."  Defendants contend that it is not a known disease or disorder.  The affidavits list several scholarly writings as the basis for the conclusions of Dr. Smith.  Therefore, plaintiffs should also provide documentation to sufficiently describe "dysfunctional cellular immune response."
Defendants also question the stated cause for the injuries of the minors as being "in-utero exposure of the mother *and father*."  Plaintiffs should also describe that form of exposure.

4

should provide relevant employment information[2] or residence information, depending on how each was exposed to toxins.

Plaintiffs similarly fail to describe with particularity the dosage of exposure as to each plaintiff. The closest statement of dosage is that "[c]hronic low doses and, at time, acute high doses at toxic levels were experienced." *Motion*, Exh. 6, par. 10, Exh. 7, par. 9, Exh. 8, par. 8, Exh. 9, par. 10. Plaintiffs must state with particularity the dosage of exposure at to each plaintiff. Closely related to this is the specific duration of exposure of each plaintiff, which is noticeably absent from the affidavits.

The affidavits must indicate for each plaintiff the nature of injuries, the specific cause of the injuries and how certain facilities or operations substantially contributed to the cause. The affidavits must enable correlation of any geographic group or groupings of plaintiffs to certain facilities or operations. The Court must be able to tell how each plaintiff was injured and what each defendant did to cause such injury.[3] Plaintiffs must establish a prima facie case of causation of their injuries, and the Court's scheduling order describes how a prima facie case can be established.

In regard to property damages, no affidavits have been

---

[2] Relevant employment information should include the employer's identity, dates of employment and reference to where work was performed.

[3] The defendants contend that no particular involvement has been shown as to defendant Brown & Root. If applicable, plaintiffs should describe the involvement of Brown & Root in describing how each of them was injured.

5

provided to show either the type of damages or the causation of such damages. If plaintiffs provide such affidavits in accordance with this Order, then the affidavits must meet the particularity requirements set forth in the scheduling order, just as they must for personal injury claims.

## Conclusion

For these reasons, the motion to enforce the scheduling order is **GRANTED**. On or before October 31, 1997, the plaintiffs shall:

   1)   provide affidavits from qualified experts addressing the subjects required by the scheduling order that are within their area(s) of expertise;

   2)   provide affidavits addressing *individualized* information about particular plaintiffs, as required by the scheduling order;

   3)   provide affidavits stating a specific medical diagnosis of each individual plaintiff, as required by the scheduling order;

   4)   provide affidavits stating alleged exposures individually and with the specificity required by the scheduling order;

   5)   provide affidavits stating which of the defendants or operations allegedly caused harm to each particular plaintiff, as required by the scheduling order, and

   6) provide affidavits in regard to property damage, as required by the scheduling order, or the failure to provide them will be considered waiver of the property damage claims.

Plaintiffs must provide the affidavits to defendants. If defendants consider the affidavits to be insufficient, then they may file a motion to dismiss for failure to comply with the scheduling order. If such a motion is filed and the undersigned finds that the plaintiffs have not complied with the scheduling

6

order, then the undersigned will recommend dismissal of this case to the District Court.

It is so **ORDERED**.

SIGNED this 16th day of September, 1997.

JOHN W. PRIMOMO
United States Magistrate Judge